IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-116-GKF-PJC |
| | ) | |
| FARMERS INSURANCE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

THIS matter comes before the Court on Plaintiff Michael Porter's ("Porter") Motion to Compel. [Dkt. No. 20].

Two issues remain for determination: First, Plaintiff's access to the personnel files of Farmers Insurance Company's ("Farmers") employees who were involved in his claim. Second, discovery of the loss reserves Farmers set for Porter's claim.

*Background*

This is a breach of contract and bad faith claim based on Farmers' denial of Porter's claim for uninsured motorist ("UM") coverage and alleged wrongful conduct associated with Farmers' handling of that claim. Farmers asserts that for business reasons it has tendered $25,000 in UM coverage and that this amount will be paid once Medicare and Department of Human Services liens are quantified. Thus, the value of the suit going forward depends on the bad faith claim.

1

*Applicable Legal Principles*

It is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981). Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004)(citation omitted). A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in

favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan. 2003) (citation omitted).

*Discussion*

**A. Personnel Files.**

Plaintiff seeks information concerning any Farmers' goals and incentives for its employees and has been told that such information is contained in employees' personnel files. Thus, Porter seeks discovery of the personnel files of five individuals involved with his UM claim for the purpose of determining their goals, evaluations and performance, all in relation to his bad faith claim. Farmers asserts that these files are not relevant to the claims herein and that the individual employees claim a privacy right to the contents of their files.

Courts have generally permitted discovery of relevant personnel files in insurance bad faith cases. *See*, *Lyon v. Bankers Life and Cas. Co.*, 2011 WL 124629 at *8 (D.S.D. Jan. 14, 2011); *Beyer v. Medico Insurance Co.*, 266 F.R.D. 333, 335 (D.S.D. 2009); *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 184-86 (E.D.Pa. 2004); *Dahdal v. Thorn Americas, Inc.*, 1997 WL 599614 at *1 (D.Kan. Sept. 15, 1997). However, courts have also recognized the sensitive nature of personnel files and have, therefore, afforded protection against widespread disclosure. *E.g.*, *Williams v. Bd. Of County Comm'rs*, 2000 WL 133433 at *1 (D.Kan. Jan. 21, 2000) (personnel files are confidential in nature and should be protected from widespread dissemination). Courts may offer necessary protection through an appropriate protective order or by *in camera* review.

3

The Court finds that in this bad faith case, limited discovery of personnel files is appropriate. Further, protection of sensitive information is also appropriate. Accordingly, Farmers shall produce for *in camera* review Battes-stamped copies of the personnel files of Trisha Gilpin, James Beins and Joseph Czapla, as well as the two individuals (Hayden and Robertson) identified by Plaintiff's counsel at the April 25th hearing. Farmers should indicate to the Court which parts of the personnel files it will produce – subject to an appropriate Protective Order – to Plaintiff. The Court will review the files before ordering any production to Plaintiff.

B. **Loss Reserves.**

Plaintiff also seeks information as to the amount of loss reserves and related information established on claims asserted by Porter. Farmers objects that this information is not relevant to the claims or defenses asserted herein, nor reasonably calculated to lead to discovery of admissible evidence.

Courts that have allowed discovery on loss reserves have based their reasoning at least in part on the duty owed to an insured by the company that is the subject of the bad faith claim. *E.g.*, *Bishelli v. State Farm Mutual Automobile Insurance Company*, 2008 WL 280850 at *2 (D.Colo. Jan. 31, 2008); *Culbertson v. Shelter Mutual Ins. Co.*, 1998 WL 743592 at*1 (E.D.La. Oct. 21, 1998). Although the Tenth Circuit has rejected the use of loss reserves as sufficient evidence to establish bad faith, it has not held that loss reserves are never relevant to the issue. *Signature Dev. Cos. v. Royal Ins. Co. of Am.*, 230 F.3d 1215, 1223-24 (10th Cir.

4

2000). Based on a review of these and other authorities, the Court finds that loss reserve information is discoverable in bad faith cases.

*Summary*

The Motion to Compel is **GRANTED IN PART AND DENIED IN PART.** Within two weeks of the date herein, Farmers shall produced Bates-numbered personnel files for the five individuals described above. Farmers shall indicate which pages it believes may be producible in response to Porter's request for information concerning company goals, incentives, and employee performance. The Court will review the files and determined whether any of the pages are discoverable.

Farmers shall produce the requested loss reserve information.

Nothing in this ruling should be interpreted as indicating that such personnel file or loss reserve information is admissible at trial.

Each side shall bear its own costs associated with the Motion to Compel.

IT IS SO ORDERED this 25th day of April 2011.

_____
Paul J. Cleary
United States Magistrate Judge